# NO. 12-10-00416-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS* | § | *APPEAL FROM THE* |
| *FOR THE BEST INTEREST* | § | *COUNTY COURT AT LAW* |
| *AND PROTECTION OF T.S.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

T.S. appeals from an order of commitment for temporary inpatient mental health services and an order to administer psychoactive medication. After a hearing without a jury, the trial court ordered T.S. committed to Rusk State Hospital for a period not to exceed ninety days. The court also signed an order authorizing the Texas Department of Mental Health and Mental Retardation[1] to administer psychoactive medication to T.S. In one issue, T.S. contends that he is entitled to a new trial because the court reporter's record has been lost. We affirm.

## BACKGROUND

On November 15, 2010, an application for court ordered temporary mental health services was filed requesting the court commit T.S. to Rusk State Hospital for a period not to exceed ninety days. The application was supported by two certificates of medical examination for mental illness. Both physicians diagnosed T.S. as suffering from schizophrenia. On November 22, an application for court ordered administration of psychoactive medication was filed.

---

[1] The court's order refers to the Department of Mental Health and Mental Retardation. Likewise, Title 7 of the Health and Safety Code still defines "department" as the Texas Department of Mental Health and Mental Retardation. TEX. HEALTH & SAFETY CODE ANN. § 531.002(6) (Vernon 2010). However, that department has been abolished. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, § 1.26, 2003 Tex. Gen. Laws 611, 641. Currently, the Texas Department of Health Services administers and coordinates mental health services at the state and local level and operates the state's mental health facilities. TEX. HEALTH & SAFETY CODE ANN. § 1001.072 (Vernon 2010).

After a hearing on November 23, the trial court ordered T.S. committed to Rusk State Hospital for a period not to exceed ninety days. The court also authorized administration of psychoactive medication. On December 3, 2010, T.S.'s trial counsel filed a notice of appeal on his behalf. On the same day, an appellate attorney was appointed. On December 14, counsel filed his request for preparation of the reporter's record and designation of matters to be included. On the same day, the trial court granted the request. Also on December 14, the court reporter filed a request for extension of time to file the record in this court because Smith County had not paid for the record. On January 5, 2011, we ordered the case submitted on the clerk's record alone. On February 15, 2011, counsel filed a motion to extend time to file the brief, explaining that because Smith County has not paid, counsel agreed to pay for the record. On March 10, 2011, the court reporter filed an affidavit explaining that she is unable to locate the stenographic record of T.S.'s case.

### LOST RECORD

In his sole issue, T.S. contends he should be granted a new trial because he made a timely request for a reporter's record but it has been lost due to no fault of his. Further, he asserts the record is necessary to disposition of the appeal and could not be replaced by agreement of the parties. He argues that, without the record, counsel is unable to adequately determine what issues, if any, he should argue on appeal.

**Applicable Law**

The court reporter is responsible for filing the reporter's record. TEX. R. APP. P. 35.3(b). However, this duty does not arise until the party responsible for paying for the preparation of the reporter's record has paid the reporter's fee or has made satisfactory arrangements to pay the fee. *Id*. Texas Rule of Appellate Procedure 34.6(f) provides that an appellant is entitled to a new trial if he timely requested a reporter's record, if the reporter's notes and records have been lost or destroyed through no fault of the appellant, if the lost record is necessary to the appeal's resolution, and if the lost record cannot be replaced by agreement of the parties. TEX. R. APP. P. 34.6(f).

**Discussion**

T.S. has not shown that the lost record is necessary for the resolution of his appeal. T.S. asserts that counsel is unable to determine what, if any, issues should be argued on appeal. He

does not actually assert any particular error. When an appellant merely speculates that error might have been recorded in the lost portion of the reporter's record, he has not established that the record is necessary to the appeal's resolution. TEX. R. APP. P. 34.6(f); *Routier v. State*, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003). We overrule T.S.'s sole issue.

## DISPOSITION

We *affirm* the trial court's order of commitment for temporary inpatient mental health services and the trial court's order authorizing administration of psychoactive medication.

**BRIAN HOYLE**
Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)